UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMIYL DOCK, | : | |
| | : | |
| Petitioner, | : | Civil No. 11-3208 (ES) |
| | : | |
| v. | : | OPINION |
| | : | |
| GREG BARTKOWSKI, et al., | : | |
| | : | |
| Respondents. | : | |

**SALAS, DISTRICT JUDGE**

Jamiyl Dock ("Petitioner") filed a Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254(a) challenging a state court conviction. (D.E. No. 1). By Order and accompanying Opinion entered December 7, 2012, this Court dismissed the Petition without prejudice as untimely and denied a certificate of appealability. (D.E. Nos. 22 & 23). Presently before this Court is Petitioner's motion for leave to appeal as within time. (D.E. No. 29, ("Petitioner's Motion")). For the reasons expressed below, this Court will deny the motion.[1]

**I. BACKGROUND**

On December 7, 2012, this Court dismissed the Petition without prejudice as untimely and denied a certificate of appealability. (D.E. Nos. 22 & 23). On April 29, 2013, the Clerk of Court received from Petitioner a notice of appeal and a motion for leave to file an appeal as within time. (D.E. Nos. 28 & 29). The accompanying certificate of service states that Petitioner placed the notice of appeal and motion in the mail on April 24, 2013. (D.E. No. 29-3).

---

[1] Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court resolves Petitioner's motion without oral argument.

In Petitioner's certification in support of his motion for leave to appeal as within time, Petitioner states that he received the Court's December 7, 2012 Opinion and Order on December 12, 2012, but that he was unable to respond because he was being held in administrative segregation and did not have access to the legal documents that he needed. (D.E. No. 29-1 ("Pet.'s Cert.") ¶¶ 1-3; *see also* D.E. No. 27 (Petitioner's December 20th Letter to Clerk of Court indicating the same)). On April 16, 2013, Petitioner "received his personal property" and upon the advice of an inmate paralegal, he filed the instant motion for leave to appeal as within time. (Pet.'s Cert. ¶¶ 4-5).

## II. DISCUSSION

"Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a); *see also* Fed. R. App. P. 4(a)(l) ("[T]he notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). Where a pro se prisoner files the notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed .R. Civ. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (pro se prisoner's notice of appeal is "filed at the moment of delivery" to prison officials for mailing to the court).

But Section 2107(c) permits the district court to extend the time for appeal. This Section provides:

> The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds--

> **(1)** that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
>
> **(2)** that no party would be prejudiced,
>
> the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

28 U.S.C. § 2107(c).

Accordingly, Rule 4(a)(5) permits the district court to extend the time to file a notice of appeal if the following two conditions are met:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). Furthermore, "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Since Petitioner does not assert that he failed to receive notice of this Court's Opinion and Order within 21 days of entry, this Court may grant Petitioner's motion only if two conditions are satisfied. First, Petitioner must file the motion "not later than 30 days after the expiration of the time otherwise set for bringing appeal." 28 U.S.C. § 2107(c); *see also IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc.*, 788 F.2d 118, 122 n.1 (3d Cir. 1986). Second, Petitioner must show either excusable neglect or good cause. 28 U.S.C. § 2107(c); *see also In re Diet Drugs Prod. Liab. Litig.*, 401 F.3d 143, 153-54 (3d Cir. 2005).

As to the time requirement, the Opinion and Order which Petitioner seek to appeal were entered on December 7, 2012. The time for Petitioner to file a timely notice of appeal under Rule 4(a)(1)(A) therefore expired January 7, 2013.[2] The time to file a timely motion to extend the time expired 30 days later on February 6, 2013. Since the cover letter, motion, and certificate of service for Petitioner's motion for extension of time to file a notice of appeal are dated April 24, 2013, Petitioner has not shown that he handed his motion papers to prison officials for mailing to the Clerk on or before February 6, 2013. *See* Fed. R. App. P. 4(c)(l) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.").

Thus, the motion fails to satisfy the condition that it was filed "not later than 30 days after the expiration of the time otherwise set for bringing appeal." 28 U.S.C. § 2107(c); *see also* Fed. R. App. P. 4(a)(5)(A)(i). This Court must therefore deny Petitioner's motion to extend the time to file a notice of appeal.[3]

### III. CONCLUSION

Based on the foregoing reasons, the Court denies Petitioner's motion for leave to appeal as within time.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] Since the last day of the time period fell on a Sunday, the time period of Rule 4(a)(1)(A) "continue[d] to run until the end of the next day." Fed. R. App. P. 26(a)(1)(C).

[3] Although this result might seem harsh in light of Petitioner's alleged administrative segregation and lack of access to his court filings, "this Court has no authority to create equitable exceptions to [Rule 4's] jurisdictional requirements." *Cumberland Mut. Fire Ins. Co. v. Express Prods., Inc.*, 2013 WL 3481687, at *3 (3d Cir. June 24, 2013) (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)) (discussing Rule 4).